UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

GENE MATTERA, an individual,
and
ACCESS 4 ALL, INC., a Florida not for
Profit Corporation,

CASE:   1:25-cv-1419 (AMN/PJE)

     Plaintiffs,
v.

SARATOGA HOTEL ASSOCIATES,
a New Jersey Partnership, and
DRIFTWOOD CAPITAL, LLC, a Florida
Limited Liability Company;

     Defendants.
_____/

## COMPLAINT

Plaintiffs, and GENE MATTERA (hereinafter "Mattera") and ACCESS 4 ALL, INC. (hereinafter "Access"), on behalf of themselves and all other persons similarly situated (collectively hereinafter "Plaintiffs"), hereby sue, SARATOGA HOTEL ASSOCIATES, a New Jersey Partnership (hereinafter "SHA") and DRIFTWOOD CAPITAL, LLC, a Florida Limited Liability Company (hereinafter "DRIFTWOOD") (collectively, "Defendants") and as grounds allege:

JURISDICTION AND VENUE

1. The Court has original jurisdiction over Plaintiffs' claims arising under 42 U.S.C. § 12181, *et seq.* pursuant to 28 U.S.C. §§ 1331, 1343 and 42 U.S.C. § 12117(a).

2. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 2201 and 2202, and may render declaratory judgment on the existence or nonexistence of any right under

1

42 U.S.C. § 12181, *et seq.*

3. The Court has supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367.

4. Plaintiff, Mattera, is an individual over eighteen years of age, who resides in Florida and is otherwise *sui juris.*

5. Plaintiff, Access, is a Florida Not-for-profit Corporation, formed under the laws of Florida, and maintains its principal office in Miami-Dade County, Florida. Members of its organization include individuals with disabilities as defined by the ADA, and are representative of a cross-section of the disabilities to be protected from discrimination by the ADA. The purpose of this organization is to represent the interest of its members by assuring places of public accommodation are accessible to and usable by the disabled and that its members are not discriminated against because of their disabilities. Access and its members have suffered and will continue to suffer direct and indirect injury as a result of the Defendants' discrimination until the Defendants are compelled to comply with the requirements of the ADA. One or more of its members has suffered an injury that would allow it to bring suit in its own right. Access has also been discriminated against because of its association with its disabled members and their claims.

6. At all times material, SHA, was and is a New Jersey partnership, authorized to do business in New York, organized under the laws of the state of New Jersey, with its principal place of business in New Jersey.

7. At all times material, Defendant, SHA, owned, leased, leased to, and/or operated one or more Commercial Property located at 534 Broadway Saratoga Springs, NY 12866 (hereinafter the "Commercial Property") and held out to the public as "Saratoga Hilton".

8. At all times material, Defendant, DRIFTWOOD, was and is a Florida Limited Liability Company, organized under the laws of the state of Florida, with its principal place of business in Florida and authorized to do business in New York.

9. At all times material, Defendant, DRIFTWOOD owned, leased, leased to, and/or operated one or more Commercial Property located at 534 Broadway Saratoga Springs, NY 12866 (hereinafter the "Commercial Property") and held out to the public as "Saratoga Hilton".

10. Venue is properly located in the Northern District of New York pursuant to 28 U.S.C.A. § 1391(b) in that all events giving rise to this lawsuit occurred in Saratoga County, New York.

11. Defendants' Commercial Property at issue in this matter and the business therein are located in and around the Saratoga County area. The Defendants regularly conduct business within Saratoga County area, and because a substantial part(s) of the events or omissions giving rise to these claims occurred in Saratoga County area.

## FACTUAL ALLEGATIONS

12. Plaintiff, Mattera, is an individual with disabilities as defined by and pursuant to the ADA. Plaintiff, Mattera, is on 24 hour supplemental oxygen and requires a scooter to ambulate further than a few feet due to late stage emphysema. Mattera also requires a shower with a seat and grab bars. Mattera is limited in his major life activities by such, including but not limited to being able to walk for extended distances, maneuvering around properties, restrooms, dining/sitting areas that are not accessible to individuals with disabilities.

13. Although Plaintiff, Mattera, currently lives in Southwest Florida, he visits Saratoga and the surrounding areas frequently. Plaintiff, Mattera was born and raised in New York and has family buried in the Bronx. Mattera has been visiting the Saratoga area since he

was 12 years old and has attended races and concerts several times per year for the past decade, with few exceptions. Mattera was in the Saratoga area during the summer months of 2025 for 14 days and plans on returning before December if his health allows. Additionally, Plaintiff, Mattera, has reservations to return in June of next year for the Belmont Stakes Racing Festival as he owns thoroughbreds with his oldest son. In addition to visiting the Saratoga area, Mattera visits New York regularly for Yankee games, visits with friends, and to visit the cemetery where his mother is buried.

14. Plaintiffs have encountered architectural barriers that are in violation of the ADA at the commercial property. The barriers to access at Defendant's Commercial Property have each denied or diminished Plaintiffs' ability to visit the Commercial Property and endangered their safety. The barriers to access, which are set forth below, have likewise posed a risk of injury(ies), embarrassment, and discomfort to Plaintiffs and others similarly situated.

15. Defendant owns and/or operate a place of public accommodation as defined by the ADA and the regulations implementing the ADA, 28 CFR 36.201 (a) and 36.104. Defendant is responsible for complying with the obligations of the ADA. The place of public accommodation that Defendant owns and/or operates is located at 415 North Monroe Street Tallahassee, FL 32301 and operates as "Hotel Duval".

16. Plaintiffs have a realistic, credible, existing, and continuing threat of discrimination from the Defendant's non-compliance with the ADA with respect to the Commercial Property, but not necessarily limited to the allegations in this Complaint. Plaintiffs have reasonable grounds to believe that they will continue to be subjected to discrimination at the commercial property, in violation of the ADA. Plaintiffs desire to visit the commercial property, not only to avail themselves of the goods and services available at the commercial

property, but to assure themselves that the property are in compliance with the ADA, so that they and others similarly situated will have full and equal enjoyment of the property without fear of discrimination.

## COUNT I – ADA VIOLATIONS

17. Plaintiffs adopt and re-allege the allegations set forth in paragraphs 1 through 16 above as though fully set forth herein.

18. Defendants have discriminated against Plaintiffs by denying them access to, and full and equal enjoyment of, the goods, services, facilities, privileges, advantages and/or accommodations of the Commercial Property as prohibited by 42 U.S.C. § 12182, *et seq*.

19. Defendants have discriminated, and continue to discriminate, against Plaintiffs in violation of the ADA by failing, *inter alia*, to have accessible facilities by January 26, 1992. A list of the violations that Plaintiffs encountered during their visits to Defendants' Commercial Property includes, but is not limited to, the following:

A. <u>Parking and Exterior Routes</u>

   i. Parking spaces and access aisles contain slopes of greater than 4%, violating §502.4 of the 2010 ADA Standards for Accessible Design. Without level access aisles and parking spaces, Plaintiffs are prevented from maneuvering within the parking lot.

   ii. Parking signs are set at a height of more than 60 inches above the floor, violating §502.6 of the 2010 ADA Standards for Accessible Design. Improperly set parking signs prevent Plaintiffs from accessing parking spaces.

B. <u>Access to Goods and Services</u>

   i. Ramp contains excessive slope, violating §405.2 of the 2010 ADA Standards for

        Accessible Design. The excessive slope prevents Plaintiffs from maneuvering on the Commercial Property.

ii. Check-in counter set at a height of more than 36 inches above the floor, violating §904 and 902.3 of the 2010 ADA Standards for Accessible Design. The improperly set counter prevents Plaintiffs from accessing the Commercial Property.

iii. Bar and dining counters are set at a height of more than 34 inches above the floor and lack required knee and toe clearances, violating §902.2, 902.3 and 306 of the 2010 ADA Standards for Accessible Design. The improperly set dining counters prevent Plaintiffs from enjoying the amenities provided at the Commercial Property.

iv. Dining and work surfaces throughout the property lack required toe clearance, violating §902.2 and 306 of the 2010 ADA Standards for Accessible Design. The improperly set dining and work surfaces prevent Plaintiffs from enjoying the amenities provided at the Commercial Property.

v. Less than 5% of all dining spaces are accessible, violating §226 of the 2010 ADA Standards for Accessible Design. The lack of accessible dining spaces prevent the Plaintiffs from being able to dine at the Commercial Property.

vi. Fitness center towels are stored beyond reach due to policy, violating §308.3 of the 2010 ADA Standards for Accessible Design. As a result, Plaintiffs are prevented from properly using the fitness center.

C. <u>Restrooms</u>

i. Obstruction is installed less than 12 inches above the side grab bar, violating §604.5 and 609.3 of the 2010 ADA Standards for Accessible Design and thus preventing Plaintiffs from being able to use the restrooms.

ii. Water closet centerline is set less than 18 inches from the side wall, violating §604.2 of the 2010 ADA Standards for Accessible Design. The improperly set water closet prevents Plaintiffs from accessing the restrooms.

iii. Stall door lack required hardware, violating §604.8.1.2 of the 2010 ADA Standards for Accessible Design.

iv. Mirror is set at a height of more than 40 inches above the floor, violating 2010 ADA Standards for Accessible Design and thus preventing Plaintiffs from being able to use the mirror.

v. Restroom grab bars are improperly located, violating §604.5 and 609 of the 2010 ADA Standards for Accessible Design. The improperly placed grab bars prevent Plaintiffs from accessing the restrooms.

vi. Bar restroom water closet flush controls are not mounted to the open side, violating §6004.6 of the 2010 ADA Standards for Accessible Design. Plaintiffs are prevented from accessing the bar restrooms.

vii. Bar restroom water closet lacks required clear floor space, violating §604.3 of the 2010 ADA Standards for Accessible Design. Plaintiffs are prevented from accessing the bar restroom.

viii. Bar restroom mirrors are set at a height of less than 40 inches above the floor, violating §603.3 of the 2010 ADA Standards for Accessible Design.

ix. Bar restroom stall door lacks required hardware, violating §604.8.1.2 of the 2010 ADA Standards for Accessible Design. Plaintiffs are prevented from accessing the bar restrooms.

x. Urinal rims are set at a height of more than 17 inches above the floor, violating §605

    of the 2010 ADA Standards for Accessible Design.  Plaintiffs are prevented from accessing the restrooms.

xi. Inaccessible restrooms by the pool and fitness center lack required directional signage, violating §216 of the 2010 ADA Standards for Accessible Design.  The lack of signage prevents Plaintiffs from accessing the restrooms.

D. <u>Hotel Guestroom</u>

i. Missing rear grab bar, violating §604.5 of the 2010 ADA Standards for Accessible Design.  Plaintiffs are prevented from maneuvering inside the guestroom.

ii. Flush controls are not mounted to the open side, violating §604.6 of the 2010 ADA Standards for Accessible Design.  Plaintiffs are prevented from maneuvering inside guestroom.

iii. Mirror is set at a height of more than 40 inches above the floor to reflective surface, violating §603 of the 2010 ADA Standards for Accessible Design.  Plaintiffs are prevented from the use of the mirror.

iv. Storage shelves and hooks are set at a height of more than 48 inches above the floor, violating §308 of the 2010 ADA Standards for Accessible Design.  Plaintiffs are prevented from the use of storage shelves and hooks.

v. Thermostat control is mounted beyond reach, violating §308 of the 2010 ADA Standards for Accessible Design.  Plaintiffs are prevented from controlling the temperature in the guestroom.

vi. Hot water pipes lack proper insulation, violating §606 of the 2010 ADA Standards for Accessible Design.  Plaintiffs are at risk of injuring themselves in the guestroom.

vii. Toilet paper dispenser is improperly located, violating §604.7 of the 2010 ADA

    Standards for Accessible Design.

viii. Desk lacks required knee clearance, violating §306.3 of the 2010 ADA Standards for Accessible Design.  Plaintiffs are prevented from using the desk.

ix. Roll-in shower is not designed to allow accessibility, violating §608.2 and 608.4 of the 2010 ADA Standards for Accessible Design.   Plaintiffs are prevented from the use of the shower.

x. Controls are set beyond reach, violating §608.5 and 308 of the 2010 ADA Standards for Accessible Design.

Relief Sought and the Basis

20. The discriminatory violations described in this Complaint are not an exclusive list of Defendants' ADA violations. Plaintiffs request an inspection of Defendants' place of public accommodation in order to photograph and measure all of the discriminatory acts violating the ADA and barriers to access in conjunction with Rule 34 and timely notice. Plaintiffs further request to inspect any and all barriers to access that were concealed by virtue of the barriers' presence, which prevented Plaintiffs from further ingress, use, and equal enjoyment of the Commercial Property and the business(es) therein; Plaintiffs request to be physically present at such inspection in conjunction with Rule 34 and timely notice.

21. The Plaintiffs, and all other individuals similarly situated, have been denied access to, and have been denied full and equal enjoyment of the goods, services, facilities privileges, benefits, programs, and activities offered by Defendants' Commercial Property and the businesses within the Commercial Property; and have otherwise been discriminated against and damaged by the Defendants because of the Defendants' ADA violations as set forth above. The Plaintiffs, and all others similarly situated, will continue to suffer such discrimination, injury and

damage without the immediate relief provided by the ADA as requested herein. In order to remedy this discriminatory situation, the Plaintiffs require an inspection of the Defendants' place of public accommodation in order to determine all of the areas of non-compliance with the Americans with Disabilities Act.

22. Defendants have discriminated against the Plaintiffs by denying them access to full and equal enjoyment of the goods, services, facilities, privileges, advantages and/or accommodations of their places of public accommodation or commercial facility, in violation of 42 U.S.C. § 12181 et seq. and 28 CFR 36.302 et seq. Furthermore, the Defendants continue to discriminate against Plaintiffs, and all those similarly situated, by failing to make reasonable modifications in policies, practices or procedures, when such modifications are necessary to afford all offered goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities; and by failing to take such efforts that may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services.

23. Plaintiffs are without adequate remedy at law, will suffer irreparable harm, and have a clear legal right to the relief sought. Further, injunctive relief will serve the public interest and all those similarly situated to Plaintiffs. Plaintiffs have retained the undersigned counsel and are entitled to recover attorneys' fees, costs, and litigation expenses from Defendants pursuant to 42 U.S.C. § 12205 and 28 CFR 36.505.

24. A defendant is required to remove the existing architectural barriers to the physically disabled when such removal is readily achievable for their place of public similarly situated, will continue to suffer such discrimination, injury and damage without the immediate relief provided by the ADA as requested herein. In order to remedy this discriminatory situation,

the Plaintiffs require an inspection of the Defendants' place of public accommodation in order to determine all of the areas of non-compliance with the Americans with Disabilities Act.

25. Notice to Defendants is not required as a result of the Defendants' failure to cure the violations by January 26, 1992. All other conditions precedent have been met by Plaintiffs or waived by Defendants.

26. Pursuant to 42 U.S.C. § 12188, this Court is provided with authority to grant Plaintiffs' Injunctive Relief, including an order to alter the property where Defendants operate their business(es) located within the Commercial Property, the interiors, exterior areas, and the common exterior areas of the Commercial Property to make those facilities readily accessible and useable to the Plaintiffs and all other mobility-impaired persons; or by closing the facility until such time as the Defendants cure their violations of the ADA.

### COUNT II – VIOLATIONS OF 28 C.F.R. SECTION 36.302(e)(1)

27. Plaintiffs incorporate and reallege paragraphs 1 through 26 as though set forth fully herein.

28. This is an action for violations of the ADA and 28 C.F.R. Section 36.302(e)(1).

29. More specifically, 28 C.F.R. Section 36.302(e)(1) imposes the following requirement: Reservations made by places of lodging. A public accommodation that owns, leases (or leases to), or operates a place of lodging shall, with respect to reservations made by any means, including by telephone, in-person, or through a third party -

(i) Modify its policies, practices, or procedures to ensure that individuals with disabilities can make reservations for accessible guest rooms during the same hours and in the same manner as individuals who do not need accessible rooms;

(ii) Identify and describe accessible features in the hotels and guest rooms offered

through its reservations service in enough detail to reasonably permit individuals with disabilities to assess independently whether a given hotel or guest room meets his or her accessibility needs;

(iii)     Ensure that accessible guest rooms are held for use by individuals with disabilities until all other guest rooms of that type have been rented and the accessible room requested is the only remaining room of that type;

(iv)     Reserve, upon request, accessible guest rooms or specific types of guest rooms and ensure that the guest rooms requested are blocked and removed from all reservations systems; and

(v)     Guarantee that the specific accessible guest room reserved through its reservations service is held for the reserving customer, regardless of whether a specific room is held in response to reservations made by others.

These regulations became effective March 15, 2012.

30.     Defendants, either themselves or by and through a third party, implemented, operates, controls and or maintains Websites for the Commercial Property which contains an online reservations system. These website(s) are located at https://www.hilton.com/en/hotels/albsahf-the-saratoga-hilton/?SEO_id=GMB-AMER-HH-ALBSAHF&y_source=1_MTIyMDkyMy03MTUtbG9jYXRpb24ud2Vic2l0ZQ%3D%3D among others. This term also includes all other websites owned and operated by Defendants or by third parties to book or reserve guest accommodations at the Commercial Property hotel ("Websites"). The purpose of these websites is so that members of the public may reserve guest accommodations and review information pertaining to the goods, services, features, facilities, benefits, advantages, and accommodations of the Property. As such, these websites are subject to

the requirements of 28 C.F.R. Section 36.302(e).

31. Prior to the commencement of this lawsuit, Plaintiffs visited these websites for the purpose of reviewing and assessing the accessible features at the Commercial Property and ascertain whether they meet the requirements of 28 C.F.R. Section 36.302(e) and their accessibility needs. In each instance, at various points in the reservation process each website indicated that handicap or mobility accessible rooms were available.

32. In each instance the Websites provided insufficient or misinformation regarding accessible features in the rooms or the hotel. Indeed, Plaintiffs' room did not contain sufficient accommodations and, consequently, Plaintiffs were not able to use the room.

33. In the near future, including as set forth above, Plaintiffs intend to revisit Defendants' websites and/or online reservations system in order to test them for compliance with 28 C.F.R. Section 36.302(e) and/or to utilize the websites to reserve a guest room and otherwise avail himself of the goods, services, features, facilities, benefits, advantages, and accommodations of the Commercial Property.

34. Plaintiffs are continuously aware that the subject websites remain non-compliant and that it would be a futile gesture to revisit the websites as long as those violations exist unless they are willing to suffer additional discrimination.

35. The violations present at Defendants' websites infringe Plaintiffs' right to travel free of discrimination and deprive them of the information required to make meaningful choices for travel. Plaintiffs have suffered, and continue to suffer, frustration and humiliation as the result of the discriminatory conditions present at Defendants' websites. By continuing to operate the websites with discriminatory conditions, Defendants contribute to Plaintiffs' sense of isolation and segregation and deprive Plaintiffs the full and equal enjoyment of the goods, services, facilities,

privileges and/or accommodations available to the general public. By encountering the discriminatory conditions at Defendants' websites and knowing that it would be a futile gesture to return to the websites unless they are willing to endure additional discrimination, Plaintiffs are deprived of the same advantages, privileges, goods, services and benefits readily available to the general public. Defendants' online reservations system serves as a gateway to its hotel. Because this online reservations system discriminates against Plaintiffs, it is thereby more difficult to book a room at the hotel or make an informed decision as to whether the facilities at the hotel are accessible.

36.     Plaintiffs have suffered and will continue to suffer direct and indirect injury as a result of the Defendants' discrimination until the Defendants are compelled to modify their websites to comply with the requirements of the ADA and to continually monitor and ensure that the subject websites remain in compliance.

37.     Plaintiffs have a realistic, credible, existing and continuing threat of discrimination from the Defendants' non-compliance with the ADA with respect to these websites. Plaintiffs have reasonable grounds to believe that they will continue to be subjected to discrimination in violation of the ADA by the Defendants.

38.     Defendants have discriminated against the Plaintiffs by denying them access to full and equal enjoyment of the goods, services, facilities, privileges, advantages and/or accommodations of its place of public accommodation or commercial facility in violation of 42 U.S.C. § 12181 et seq. and 28 CFR 36.302(e). Furthermore, the Defendants continue to discriminate against the Plaintiffs, and all those similarly situated by failing to make reasonable modifications in policies, practices or procedures, when such modifications are necessary to afford all offered goods, services, facilities, privileges, advantages or accommodations to individuals with

disabilities; and by failing to take such efforts that may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services.

39. Plaintiffs are without adequate remedy at law and are suffering irreparable harm. Plaintiffs have retained the undersigned counsel and are entitled to recover attorney's fees, costs and litigation expenses from the Defendants pursuant to 42 U.S.C. § 12205 and 28 CFR 36.505.

40. Pursuant to 42 U.S.C. § 12188, this Court is provided with authority to grant Plaintiffs Injunctive Relief, including an order to require the Defendants to alter the subject websites to make them readily accessible and useable to the Plaintiffs and all other persons with disabilities as defined by the ADA and 28 C.F.R. Section 36.302(e); or by closing the websites until such time as the Defendants cure its' violations of the ADA.

41. Plaintiffs pray for judgment as set forth below.

**WHEREFORE**, the Plaintiffs respectfully request:

a. the Court issue a Declaratory Judgment determining Defendants, at the commencement of the subject lawsuit, were and are in violation of Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181 et seq. and 28 C.F.R. Section 36.302(e);

b. injunctive relief against Defendants, including an order to make all readily achievable alterations to the facilities; or to make such facilities readily accessible to and usable by individuals with disabilities to the extent required by the ADA; and to require Defendants to make reasonable modifications in policies, practices or procedures, when such modifications are necessary to afford all offered goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities; and by failing to take such steps that may be necessary to ensure that no individual with a disability is excluded, denied services, segregated

or otherwise treated differently than other individuals because of the absence of auxiliary aids and services;

  c. injunctive relief against the Defendants including an order to revise its websites to comply with 28 C.F.R. Section 36.302(e) and to implement a policy to monitor and maintain the websites to ensure that it remains in compliance with said requirement;

  d. an award of attorneys' fees, costs, and litigation expenses pursuant to 42 U.S.C. § 12205; and

  e. such other relief as the Court deems just and proper, and/or is allowable under Title III of the Americans with Disabilities Act.

Dated: October 9th, 2025       Respectfully submitted,

*[signature: John Salcedo]*

John A. Salcedo, Esq.
NDNY Bar Roll No.: 706804
The Mineo Salcedo Law Firm, P.A.
5600 Davie Road
Davie, FL 33314
T: 954.463.8100
P: Service@mineolaw.com
E: jsalcedo@mineolaw.com
*Attorney for Plaintiffs*